UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

* * * * * * * * * * *

TRUSTEES FOR THE BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND, TRUSTEES FOR THE MICHIGAN BRICKLAYERS AND ALLIED CRAFTSMEN HEALTH AND WELFARE FUND, TRUSTEES FOR THE MICHIGAN BRICKLAYERS AND ALLIED CRAFTSMEN APPRENTICESHIP FUND, THE MICHIGAN CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA AND THE TRUSTEES FOR THE INTERNATIONAL BROTHERHOOD OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND AND ALL RELATED FUNDS,

    Plaintiffs,

v.

KD CONTRACTING, INC., a Michigan Corporation, and WILLIAM MONTGOMERY, individually,

    Defendants.

_____/

Docket No.: 4:01-CV-165

Hon. Gordon J. Quist
U.S. District Judge

SCOTT GRAHAM (P41067)
Howard & Howard Attorneys, P.C.
Attorneys for Plaintiffs
100 Portage Street, Suite 200
Kalamazoo, Michigan 49007
(616) 382-1483
_____/

# COMPLAINT

### General Allegations

    Plaintiffs, through their attorneys, HOWARD & HOWARD ATTORNEYS, P.C., for their Complaint, state as follows:

Howard & Howard
law for business

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483

The Michigan Building
Suite 200
100 Portage Street
Kalamazoo, MI 49007.4802
616.382.1483

The Phoenix Building
Suite 500
222 North Washington Square
Lansing, MI 48933.1817
517.485.1483

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483

1

**Howard & Howard**
law for business

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483

The Michigan Building
Suite 200
100 Portage Street
Kalamazoo, MI 49007.4802
616.382.1483

The Phoenix Building
Suite 500
222 North Washington Square
Lansing, MI 48933.1817
517.485.1483

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483

1. This Court's jurisdiction is based upon provisions of the Labor Management Relations Act of 1947 (29 U.S.C. §§ 185 and 186), (sometimes referred to as "Taft-Hartley") and various provisions of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §§ 1059, 1132 and 1145 (sometimes referred to as "ERISA"), because the Plaintiffs allege a violation of the fringe benefit contribution provisions of one or more collective bargaining agreements, the trust agreements adopted by Plaintiffs and/or the Plaintiffs' request that the Court grant equitable relief relating to the Defendants' obligations to remit fringe benefit contributions.

2. The Plaintiffs are trustees and fiduciaries for voluntary, unincorporated trust funds, established pursuant to Section 302 of Taft-Hartley (29 U.S.C. § 186) and ERISA (29 U.S.C. § 1001, *et seq.*), which provide employee benefits as multi-employer plans to their participants. (These trust funds are sometimes referred to in this Complaint as "Funds".)

3. Plaintiffs' principal offices are located in Lansing, Michigan.

4. KD CONTRACTING, INC. ("KD") is a Michigan corporation with offices in Sault Ste. Marie, Michigan.

5. WILLIAM MONTGOMERY is an individual who resides in Sault Ste. Marie, Michigan.

6. WILLIAM MONTGOMERY is the President of KD.

7. The work creating the contribution obligation in this matter was performed in the Western District of Michigan.

8. On or about June 17, 1998, Defendant KD entered into a collective bargaining agreement with BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL No. 9, a labor union representing employees in an industry affecting interstate commerce.

**Howard  Howard**
law for business

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483

The Michigan Building
Suite 200
100 Portage Street
Kalamazaoo, MI 49007.4802
616.382.1483

The Phoenix Building
Suite 500
222 North Washington Square
Lansing, MI 48933.1817
517.485.1483

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483

9. Pursuant to the terms of the collective bargaining agreement, Defendant KD became obligated to remit certain amounts to the Funds for which Plaintiffs are Trustees, on a timely basis, including fringe benefit contributions.

10. The Fringe Benefit Funds for which Plaintiffs are trustees are third party beneficiaries of the collective bargaining agreement.

11. Pursuant to the terms of the collective bargaining agreement, Defendant KD became obligated to abide by the trust agreements adopted by the Plaintiffs.

12. The trust agreements adopted by the Plaintiffs provide that the trustees are authorized to collect fringe benefit contributions, other amounts specified in the collective bargaining agreement, audit assessments, late payment assessments, interest, attorney fees and costs incurred in collecting these amounts.

13. 29 U.S.C. §1132(g)(2) authorizes Plaintiffs to collect contributions and specific liquidated damages.

## COUNT I
## Breach of Contract against KD

14. Plaintiffs adopt all prior allegations contained in this Complaint.

15. During 2001, Defendant KD's employees have performed work covered by the collective bargaining described in this Complaint.

16. Pursuant to the terms of the collective bargaining agreement, Defendant KD became obligated to remit fringe benefit contributions to the Funds for which Plaintiffs are trustees.

17. Defendant KD has failed to remit such amounts for the work months of June through October of 2001.

3

**Howard & Howard**
law for business

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483

The Michigan Building
Suite 200
100 Portage Street
Kalamazaoo, MI 49007.4802
616.382.1483

The Phoenix Building
Suite 500
222 North Washington Square
Lansing, MI 48933.1817
517.485.1483

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483

18. Defendant KD's failure to remit these amounts constitutes a breach of the contract to which the Funds are third-party beneficiaries.

19. Defendant KD has also failed to file all contribution reports which it is required to send to the Plaintiffs' administrator.

20. This failure also constitutes a breach of the contract to which the same Funds are third party beneficiaries.

21. The Funds have been damaged by Defendants' breach of the agreement.

22. Plaintiffs' representative has conducted an audit of the books and payroll records maintained by Defendants.

23. Plaintiffs are entitled to the entry of a Judgment for all contributions and other amounts which are due and owing to the Funds.

24. 29 U.S.C. §1132(g)(2) provides that, in an action to enforce the terms of a collective bargaining agreement, the Court shall award whatever legal and equitable relief the Court considers proper.

**WHEREFORE**, Plaintiffs request this Court to enter Judgment in favor of Plaintiffs and against Defendants in the amounts which the Court determines to be due and owing to the Funds for which the Plaintiffs are trustees, including outstanding contributions, liquidated damages, assessments, interest, attorney fees and costs as allowed by contract and statute. Plaintiffs further request the Court to grant any equitable relief which the Court determines to be appropriate.

**Howard & Howard**
law for business

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483

The Michigan Building
Suite 200
100 Portage Street
Kalamazoo, MI 49007.4802
616.382.1483

The Phoenix Building
Suite 500
222 North Washington Square
Lansing, MI 48933.1817
517.485.1483

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483

## COUNT II
## Breach of the Building Contract Fund by Defendants KD and Montgomery

25. Plaintiffs adopt the allegations contained in paragraphs 1 through 24 of this Complaint.

26. Defendant KD has received payment for the work creating the contribution obligation in this matter.

27. Pursuant to MCL §570.151 *et. seq.*, Defendant KD was required to maintain the amounts received in trust for the payment of specific amounts, including the fringe benefit contributions which are the subject of this action.

28. Defendant KD disbursed the payments which it received without paying fringe benefit contributions.

29. Defendant Montgomery directed all such disbursements by Defendant KD.

30. Both Defendants violated the provisions of the Building Contract Fund by failing to hold the amounts received in trust for the payment of these contributions.

**WHEREFORE**, Plaintiffs request the Court to enter Judgment in favor of Plaintiffs and against Defendants jointly and severally for all damages appropriate pursuant to the Building Contract Fund, together with Plaintiffs' attorney fees and costs, and other relief which the Court determines to be appropriate.

Date: November 7, 2001

**HOWARD & HOWARD ATTORNEYS, P.C.**

By:___*Scott*_____
Scott Graham (P41067)
Attorneys for Plaintiffs
100 Portage Street, Suite 200
Kalamazoo, Michigan 49007
(616) 382-1483

5